UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

APR 1 3 2012

David J. Bradley, Clerk of Court

WEST COAST PRODUCTIONS, INC.,

    Plaintiff,

v.

Does 1-351,

    Defendants,

CASE No. 4:12-cv-0504

Judge Nancy F. Atlas

## MOTION TO SEVER DEFENDANTS AND/OR QUASH SUBPOENA

I, John Doe #3, file this motion Pro Se to Sever Defendants 2-351 on improper joinder, to Quash the Subpoena approved on 02/28/2012 in Order 5 issued to their ISP's for Subscriber information and, pursuant to Civil Procedure 45(c)(3)(iii-iv), to Quash the subpoena on any remaining Subscribers.

## MEMORANDUM IN SUPPORT

## PROCEDURAL HISTORY

Plaintiff, West Coast Production, brought a complaint against 351 unidentified defendants with a tenuous assertion that over a period of 4 months, the 351 defendants at one point allegedly shared a hardcore pornography film, "Monster Wet Anal Asses", via the internet utilizing a file sharing protocol known as BitTorrent in violation of Plaintiff's Copyright. On February 20th, 2012, an order was entered by this Court on Plaintiff West Coast Productions, Inc.'s unopposed motion, which allowed Plaintiff to

serve subpoenas on the Internet Service Providers ("ISPs") hosting the I.P. Address associated with the 351 unnamed defendants. This Movant, was notified of this matter through its ISP, explaining that its personal information had been subpoenaed. Movant, John Doe, now files this Motion and Memorandum of Law.

## Similar Cases

The details of this case are similar to a large number of cases proliferating in this district and across the nation. Honorable Judge John D. Rainey issued an Order to sever defendants following a similar motion in a similar case. *See* K-Beech, Inc., vs. Does 1-41, No. 6:11-cv-00046 Document 25 (S.D.T.X March 8th, 2012). This Movant finds the opinion apt and the order satisfactory with regard to joinder and begs the court to consider its relevance with regard to its right to decide the issue of joinder *sua sponte*.

## I. DISCUSSION OF MOTION TO SEVER

Movant argues that the Doe Defendants are not properly joined under Federal Rules of Civil Procedure 20 and 21 and that this joinder only serves to complicate proceedings. Accordingly, the Court should issue an order the severance of Does 2-351 and quash or modify the subpoena issued during early discovery.

## LEGAL AUTHORITY

Federal Rule of Civil Procedure 21 provides that "on motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Since Rule 21 does not provide any standards by which district courts can determine if parties are misjoined, courts often

look to Rule 20 for guidance. Acevedo v. Allsup's Convenience Stores, Inc., 600 F23d 516, 521 (5th Cir. 2010). Rule 20 states that permissive joinder of defendants is proper if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transaction or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P 20(a)(2). "However, even if this test is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay..., ensuring judicial economy..., or safeguarding principles of fundamental fairness." Acevedo, 600 F.3d at 521 (internal citations omitted).

## ANALYSIS

The Plaintiff improperly names 351 Defendants jointly in his complaint. This is an abuse of Federal Rule for Civil Procedures 20 to reduce the Plaintiff's filing costs at the expense of Defendants' rights to a fair trial and judicial expediency.

The alleged infringement does not constitute a single act or chain of acts. Plaintiff fails to assert and cannot assert any verbal or written communication between Does. Plaintiff claims entering the swarm constitutes a relationship, but this is far too tenuous a claim to justify joining so many defendants in this way. "Merely committing the same type of violation in the same way does not link defendants together for purposes of joinder." Laface Records, LLC, v. Does 1-38, 2008 WL 544992, *2 (E.D. N.C. Feb. 27, 2008).

The plaintiff has not and cannot assert any contact between any given pairs of

Does, only between individual Does and their monitoring software. They cannot assert that any piece of the copyrighted work in one Doe's possession ever found its way to another Doe. The alleged acts of infringement occurred on countless days over a 4 month period. Doe 1 and 351 have no substantial relationship. The Plaintiff falsely asserts that the swarms in November and February are the same swarm even when they may not share a single common member. The John Does named by the Plaintiff are not properly joined.

An overwhelming number of other courts have found the swarm justification for joinder insufficient in similar cases. *See*, e.g., Raw Films, 2011 WL 6840590, (finding that "the swarm joinder pleading tactic [was] not appropriate" where "[t]he differing dates and times of each Defendant's alleged sharing d[id] not allow for an inference that the Defendants were acting in concert"); SBO Pictures, Inc. v. Does 1-3036, 2011 WL 6002620, (N.D. Cal. Nov. 30, 2011) ("The Court cannot conclude that a Doe Defendant who allegedly downloaded or uploaded a portion of the Motion Picture on May 11, 2011 [and] a Doe Defendant who allegedly did the same on August 10, 2011 . . . were engaged in the single transaction or series of closely-related transactions recognized under Rule 20."); Third Degree Films v. Does 1–3577, 2011 WL 5374569, (N.D. Cal. Nov. 4, 2011) (Rule 20 not satisfied even though defendants were alleged to be part of a common swarm where Doe defendants downloaded the protected work at various dates and times ranging over a period of several months); AF Holdings, LLC v. Does 1-97, 2011 WL 5195227, (N.D. Cal. Nov. 1, 2011) ("[E]ven though Plaintiff has alleged that Doe Defendants entered into the same

swarm and were downloading the same seed file, Plaintiff has not alleged that any of the ninety-seven Doe Defendants exchanged any piece of the relevant file with each other or actually acted in concert with one another."); Hard Drive Prods., Inc. v. Does 1-30, 2011 WL 4915551, (E.D. Va. Oct. 17, 2011) ("Plaintiff relies on this "swarm" theory to claim that the Doe Defendants acted in concert through a series of transactions to commit the infringement, giving rise to proper joinder. . . . The Court, however, disagrees with this conception of proper joinder under the Federal Rules of Civil Procedure."); Raw Films, 2011 WL 6182025, ("The mere allegation that the defendants have used the same peer-to-peer network to copy and reproduce the Work —which occurred on different days and times over a span of three months—is insufficient to meet the standards of joinder set forth in Rule 20."); On The Cheap, 2011 WL 4018258, ("I . . . find that plaintiff has not established that joinder would be proper under FRCP 20(a)(2) merely because defendants used BitTorrent to download the same film."); Hard Drive Prods, Inc. v. Does 1-188, 2011 WL 3740473, *14 (N.D. Cal. Aug. 23, 2011) ("Even if joinder of the Doe Defendants in this action met the requirements of Rule 20(a) . . . , the Court finds it is appropriate to exercise its discretion to sever and dismiss all but one Doe Defendant to avoid causing prejudice and unfairness to Defendants, and in the interest of justice."); Boy Racer v. Does 1—60, 2011 WL 3652521, (N.D. Cal Aug. 19, 2011) ("Allegations that defendants used a single peer-to-peer network to download plaintiff's works—on different days, at different times, and through different ISPs—is insufficient to allow plaintiff to litigate against sixty different defendants in one action."); Pac. Century Int'l, Ltd. v. Does 1–

101, 2011 WL 2690142, (N.D. Cal. Jul 8, 2011) (Ryu, Mag. J.) ("Because of this fundamental constraint on the collaboration between copyright infringers using the BitTorrent protocol, the court finds that Plaintiff cannot meet the permissive joinder requirement of Rule 20(a)(2)(A)."); Diabolic Video Prods., 2011 WL 3100404, (Rule 20 not satisfied even though plaintiff alleged that Doe defendants were part of a common swarm); Lightspeed v. Does 1–1000, 2011 U.S. Dist. LEXIS 35392, (N.D. Ill. Mar. 31, 2011) (finding that Doe defendants using BitTorrent technology were misjoined on the basis that the putative defendants were not involved in the "same transaction, occurrence, or series of transactions or occurrence" under FED. R. CIV. P. 20(a)(2)(A)); Millennium TGA Inc. v. Does 1–800, 2011 U.S. Dist. LEXIS 35406, (N.D. Ill. Mar. 31, 2011) (same).

The alleged acts also fail the second necessary condition for proper joinder, the commonality of facts across the named Defendants. Alleged infringement occurs at wildly different times in many geographic locations. Realities of each Defense may vary immensely and be wholly incompatible. One district court finding improper joinder explained it this way:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed.

BMG Music v. Does 1-203, 2004 WL 953888, *1 (E.D. Pa. Apr. 2, 2004). The list five of common facts provided by the Plaintiff in the paragraph 8 of the Complaint doesn't come close to bridging the differences between the 351 Does.

It should be noted that the Plaintiff places special importance on its inclusion of Conspiracy charges as grounds for this joinder. This civil conspiracy charge is wholly superfluous. Plaintiff's description of the charge is merely a restatement of the infringement charge, and does not constitute a separate or distinct offense by any of the Defendants. The only alleged collaboration on the part of the Defendants is the use of a Torrenting program, implicit in copyright infringement charge. The Defendants had no meaningful communication, and did not act in concert. The basis for the conspiracy charge is weaker than and wholly contained in their argument for joinder, so the conspiracy charge cannot be used to support joinder. For this reason, the same objections regarding joinder must be raised as in cases without the conspiracy charge.

The joinder does not serve the public good by judicial efficiency. This alone gives the Court both the authority to sever Defendants and the obligation to avoid prejudice of the Defendants. As the case moves forward, a multitude of defenses will be presented. It's impossible the Court could give due process to 351 defendants in a timely fashion.

> [E]ven though they may be separated by many miles and have nothing in common other than the use of BitTorrent, each defendant must serve each other with all pleadings—a significant burden when, as here, many of the defendants will be appearing pro se and may not be e-filers. Each defendant would have the right to be at each other defendant's deposition—creating a thoroughly unmanageable situation. The courtroom proceedings would be unworkable—with each of the [41] Does having the opportunity to be present and address the court at each case management conference or other event. Finally, each defendant's defense would, in effect, require a mini-trial. These burdens completely defeat any supposed benefit from the joinder of all Does in this case, and would substantially prejudice defendants and the administration of justice.

Hard Drive Prods, Inc. v. Does 1-188, 2011 WL 3740473, at *14. *See also* AF

Holdings, 2011 WL 5195227, at *3 ("Allowing joinder in this case would involve ninety-six additional defendants, each potentially proceeding with counsel or pro se, and ten additional ISPs, who may also participate in the case. . . . [This] would undermine Rule 20(a)'s purpose of judicial economy and trial convenience."). The only efficiency it serves is reducing the filing costs for Plaintiff's Counsel, a matter not relevant to the court when determining the appropriateness of joinder.

For the aforementioned reasons, John Doe moves the Court to sever Does 2-351, dismissing the complaint without prejudice. The Plaintiff would be free to file complaints against individual defendants.

Subsequently, as the complaint against does 2-351 is dismissed, discovery towards the identity of the corresponding I.P. Addresses is moot. The Court must quash the Subpoena for subscriber information corresponding to the severed Defendants.

## II. DISCUSSION OF MOTION TO QUASH

Movant, John Doe, urges the court to quash the subpoena for Subscriber information, Pursuant Federal Rules for Civil Procedure 45 (c)(3)(A)(iii-iv), "On motion, the issuing court must quash or modify a subpoena that: ... (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.". The Court must move to protect the rights of the Subscribers, parties whose liability has neither been demonstrated nor clearly stated at this time.

The requested information, including name, address, e-mail and phone number,

of the Internet Subscribers whose I.P. Addresses have been listed in the Subpoena constitutes privileged information between the Internet Service Provider and their Subscribers. "[C]ourts have held that civil subpoenas seeking information regarding anonymous individuals raise First Amendment concerns." Sony Music Entertainment v. Does, 326 F.Supp.2d 556, 565 (S.D.N.Y. 2004). Accordingly, "[T]he constitutional rights of Internet users, including the First Amendment right to speak anonymously, must be carefully safeguarded." Doe v. 2themart.com Inc., 140 F. Supp. 2d 1088, 1097 (W.D. Wash. 2001). The plaintiff has shown insufficient grounds to release this information.

Anonymous reading of publications and speech is protected under the first amendment; these protections extend to internet activity. The lack of affiliation of name and IP address is the means by which anonymous online reading and speech is possible. IP address anonymity is a privilege in which Subscribers have personal and proprietary interest. Should Subpoenas such as the one in question be fulfilled, it would allow the revelation of online persona with the sparsest of justification.

The Movant agrees that speech that infringes on copyright is not protected and that the injured parties can seek remedy. However, the Plaintiff has brought no proof the Subscribers identified by I.P. Address were the persons engaging in the alleged infringement. When considering discovery of privileged information, the Court must seek " a result based on a meaningful analysis and a proper balancing of the equities and rights at issue." Dendrite Int'l, Inc. v. Doe No. 3, 775 A.2d 760-761 (N.J. App. Div. 2001). In this case, the court required the plaintiff to (1) use the Internet to notify

the accused of the pendency of the identification proceeding and to explain how to present a defense; (2) quote verbatim the allegedly actionable online speech; (3) allege all elements of the cause of action; (4) present evidence supporting the claim of violation; and (5) show the court that, on balance and in the particulars of the case, the right to identify the speaker outweighs the First Amendment right of anonymous speech. (*Id.* 756)

The plaintiff has brought limited evidence of any wrongdoing, making appropriate scrutiny impossible. They cite the time a user enters the swarm but don't specify if he remained linked for half an hour or half a millisecond. The mere assertion that they possess proprietary technology that can accurately identify acts of infringement is vague, too insufficiently described to allow any productive scrutiny. The court has a responsibility to rigorously assess the merit of the claims before moving forward with discovery and at this point it lacks the necessary information.

Further, the efficacy of the information requested with respect to the Plaintiff's ability to properly identify instances of infringement and the responsible parties is both relevant to the Court and unsubstantiated by the Plaintiff. "It is well within the court's purview under Rule 26 to impose reasonable limitations on discovery when 'the burden or expense of the proposed discovery outweighs its likely benefit'. Fed. R. Civ. P. 26(b)(2)(c)." Patrick Collins, Inc., v. Does 1-72, No. 11-58 (RMU/JMF). (DDC January 23, 2012.). In order for this discovery to further public interest, the Plaintiff must demonstrate a reasonable expectation that the requested information is beneficial to their efforts for relief beyond mere speculation. At this time, it is unclear

what the Plaintiff intends to do with this information to correctly name Defendants. Does the plaintiff assert the enumerated Does listed as Defendants are one and the same as the subscribers whose IP's are listed in the subpoena? This attributes all damaging actions performed on one modem as an action by its registered owner, which is highly dubious. Many courts have recognized that the ISP subscriber to whom a certain IP address was assigned may not be the same person who used the Internet connection for illicit purposes (SBO Pictures, 2011 WL 6002620, at *4). If the Does are not the same party as the Subscriber, what do they intend to do with the Subscriber information? That Plaintiff may have no better ideas on how to proceed in defending its copyrights is irrelevant.

In previous cases brought by the Plaintiff and similar cases brought by rights holders of pornographic films, the Subscribers identified by early discovery were named as defendants and made subject to settlement demands.

> According to some of the defendants, [following the Court's grant of expedited discovery compelling the ISPs to turn over the names associated with 85 IP addresses,] the plaintiffs then contacted the John Does, alerting them to this lawsuit and their potential liability. Some defendants have indicated that the plaintiff has contacted them directly with harassing telephone calls, demanding $2,900 in compensation to end the litigation ....
>
> > This course of conduct indicates that the plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them. The plaintiffs seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does.

K-Beech, Inc. v. Does 1-85, 11-CV-00469 at 4 (E.D. Va. Oct. 5, 2011) (Docket #9).

The plaintiff has presented no evidence the Subscribers are one and the same as

purported infringers. This doesn't trouble the plaintiff, as they will still be able to extract settlements from parties with or without further action from the Court. "Orin Kerr, a professor at George Washington University Law School, noted that whether you're guilty or not, 'you look suspect.' Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case" VPR Internationale, v. Does 1-1017, 2:11-cv-02068-HAB-DGB #15 (C.D. Ill. April 29th, 2011). Discovery of this sort is an abuse of the court to gain settlement leverage against potentially innocent parties. Revealing Subscribers' information in this way subjects them to unwarranted harassment, legal threats and defamation. On the subject, California's Northern District stated "...granting Plaintiff the form of relief that it seeks in this motion thus would impermissibly allow Plaintiff to subpoena ISPs to obtain the detailed personal information of unknown numbers of innocent individuals that Plaintiff could never make party to this suit and potentially subject them to onerous, invasive discovery and/or unfair settlement tactics..." Pacific Century International LTD v. Does 1-101 case no. 4:2011cv02533. This submits Subscribers, not directly accused of wrong doing, to an undue burden without providing a clear path to remediation of Plaintiff's concerns or ability to reasonably name Defendants.

The Plaintiff has participated in several similar cases to date and shown no desire to follow them to trial. In West Coast Productions, Inc., v. Does 1-9729 3:10-cv-00114-JPB (West Virginia District Court 2010), the case was severed to a single

defendant and Plaintiff withdrew. Plaintiff filed again in DC against 5,829 Does. After identification of Does by early discovery, Plaintiff allowed the case to languish, intermittently dismissing small numbers of Defendants with prejudice. Plaintiff failed to bring trial in response to court order. (West Coast Productions, Inc., v. Does 1-5829, 1:11-cv-0057-CKK (D.D.C. 2011).

The court cannot allow itself to be party to predatory legal action not designed or able to identify responsible parties. Until the Plaintiff provides specific basis of his charges and demonstrates more than a speculative benefit of this subpoena, the Court cannot allow this action to continue.

### Conclusion

The joinder of the Defendants in this case is improper, making expedient and just resolution needlessly difficult. The Court has the authority and Obligation to sever defendants Does 2-351 at this time. Subsequently, the subpoena issued with regards to Subscriber information should be quashed with regards to these severed Does.

Further, the Plaintiff has failed to show reasonable expectation of benefit towards relief sought in the complaint. In so failing, The subpoena for subscriber information violates Subscriber's rights to anonymity without due cause and places an unreasonable burden on innocent internet subscribers. Pursuant Rule 45 (c)(3)(B)(iii-iv), The Subpoena should be quashed regarding any remaining defendants.

FOR THESE REASONS, the undersigned Movant, John Doe #3, respectfully prays this honorable Court GRANTS this Motion and issues an Order to sever defendants and dismiss the subpoena for their information as moot and/or quashes the subpoena outright.

Dated: April 12th, 2012

Respectfully submitted,

*John Doe*
John Doe #3
Pro se
e-mail: johndoes1.351@gmail.com

## Certificate of Service

I hereby certify that on April 3, 2012, I served a copy of the foregoing document via Courrier on:

**Douglas M. McIntyre**
720 North Post Oak Road, Suite 610
Houston, Texas 77024
(713) 681-2611
(713) 461-3697 – facsimile
**COUNSEL FOR PLAINTIFF**


and via Facsimile on Comcast Cable Communications, LLC:

NE&TO
650 Centerton Road
Moorestown, NJ 08057
866-947-8572
**866-947-5587 – Facsimile**


~~Dated: April 12th, 2012~~

_John Doe_
John Doe #3
Pro se
e-mail: johndoes1.351@gmail.com