IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WEST COAST PRODUCTIONS, INC. | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | NO. 4:12-CV-0504 |
| | § | |
| DOES 1-351, | § | |
| Defendants | § | |

## DEFENDANT'S MOTION TO QUASH SUBPOENA AND MOTION TO DISMISS OR SEVER FOR IMPROPER JOINDER

COMES NOW DOE 36 and files this Motion to Quash Subpoena and Motion to Dismiss for Improper Joinder, and in support thereof would respectfully show the Court as follows:

### I. MOTION TO QUASH

1.   Pursuant to Fed. R. Civ. P. 45(c)(3)(A), DOE 36 files this Motion to Quash the subpoena served upon Custodian of Records, Comcast Cable Holdings, because the subpoena requires disclosure of protected information and subjects DOE 36 to undue burden.

2.   Additionally, the subpoena seeks information that is not relevant given Plaintiff's inability to link DOE 36 to alleged infringing activity.

3.   Plaintiff has filed suit in the U.S. District Court for the Southern District of Texas (No. 4:12-CV-0504) against 351 unnamed Doe defendants, identified only by a list of internet protocol (IP) addresses attached as an exhibit to its complaint.  Plaintiff alleges that the Doe defendants have obtained an adult video in violation of Plaintiff's copyrights.

4.   DOE 36 is a resident of Houston, Texas.  Comcast Cable Holdings is an internet service provider (ISP) that provides internet service to its customers, including DOE 36.  Plaintiff, West Coast Productions, Inc., on information and belief, is a producer of adult films and content.

Plaintiff served a subpoena on Custodian of Records, Comcast Cable Holdings demanding disclosure of documents identifying the name, address, telephone number, email address, and Media Access Control (MAC) address of DOE 36 so that DOE 36 may be named as a defendant in the lawsuit.  A true and correct copy of the subpoena is attached hereto as Exhibit A.

5.   DOE 36 has standing to request that the subpoena be quashed because it seeks disclosure of personal identification information considered to be confidential and over which DOE 36 has personal and proprietary interests.  DOE 36 also has standing to move to quash in order to protect reputational interests.  Fed. R. Civ. P. 45(c)(3)(B) allows a person affected by, although not subject to, a subpoena to move to quash the subpoena.

6. Plaintiff filed an ex parte application for "early discovery" (before a Rule 26(f) conference) so that it could serve subpoenas on ISPs, such as Comcast Cable holdings, to determine the internet subscriber names, addresses, and e-mail addresses associated with the IP addresses listed in its complaint. District Court Judge Nancy Atlas, of the Southern District of Texas, entered the order permitting service of subpoenas on ISPs.  Judge Atlas also set a schedule for filing motions to quash either by the ISPs or the DOEs.  This Motion to Quash is timely filed as Comcast Cable Holdings notified DOE 36 of the subpoena on March 15, 2012.

7.   The complaint and ex parte request for expedited discovery form yet another in a wave of suits in which copyright infringement plaintiffs seek to "tag" a defendant based solely on an IP address.  However, an IP address is not equivalent to a person or entity.  It is not a fingerprint or DNA evidence – indeed, far from it. In this case DOE 36 resides in an apartment complex and connects to the Internet using a wireless connection—one that could conceivably be used by any other person residing in the same complex. In a remarkably similar case in which an adult entertainment content producer also sought expedited discovery to learn the identity of persons

associated with IP addresses, United States District Judge Harold Baker of the Central District of Illinois denied a motion for expedited discovery and reconsideration, holding that, "IP subscribers are not necessarily copyright infringers…The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." Order of Apr. 29, 2011, VPR Internationale v. DOES 1-1017, No. 2:11-cv-02068 (Central District of Illinois) (Judge Harold A. Baker) [hereinafter VPR Internationale Order], attached hereto as Exhibit B. The point so aptly made by Judge Baker is that there may or may not be a correlation between the individual subscriber, the IP address, and the infringing activity. *Id*. The risk of false identification by ISPs based on internet protocol addresses is vividly illustrated by Judge Baker when he describes a raid by federal agents on a home allegedly linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP (in the same fashion as Plaintiff seeks to extract such information from Comcast Cable Holdings.) After the raid revealed no pornography on the family computers, federal agents eventually learned they raided the wrong home. The downloads of pornographic material were traced to a neighbor who had used multiple IP subscribers' Wi-Fi connections. *Id*. This risk of false identification and false accusations through disclosure of identities of internet subscribers is also presented here. Given the nature of the allegations and the material in question, should this Court force Comcast Cable Holdings to turn over the requested information, DOE 36 would suffer a reputational injury.

8. If the mere act of having an internet address can link a subscriber to copyright infringement suits, internet subscribers such as DOE 36 will face untold reputational injury, harassment, and embarrassment. The reputational risk that Judge Baker found to be an undue burden is equally presented here: "[W]hether you're guilty or not, you look like a suspect." *Id*. at

3. Moreover, this case presents the same extortion risk that so concerned Judge Baker:

> "Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case."

9. *Id*. Discovery is not a game. Yet, plaintiffs in these types of cases use discovery to extort settlements from anonymous defendants who wish to avoid the embarrassment of being publicly associated with this type of allegation. *Id*. This is not litigation, it is quasi-legal extortion; such abuse of the discovery process cannot be allowed to continue.

10. Additionally, this subpoena should not have been issued in the first place because the information sought is not relevant to Plaintiff's allegations. Implicit in the rule granting subpoena power is a requirement that the subpoena seeks relevant information. *See Syposs v. United States,* 181 F.R.D. 224, 226 (W.D.N.Y. 1998) ("the reach of a subpoena issued pursuant to [FED. R. CIV. P. 45] is subject to the general relevancy standard applicable to discovery under [FED. R. CIV. P. 26(b)(1)]."). The information linked to an IP address cannot give you the identity of the infringer. *VPR Internationale Order*, at 2. Because the infringer could have been anybody with a laptop passing within range of the router, the information sought by Plaintiff is not relevant to the allegations in any way. *Id*. Moreover, even if the information has some small amount of relevance to the claim—which it does not—discovery requests cannot be granted if the quantum of relevance is outweighed by the quantum of burden to the defendant. FED. R. CIV. P. 26(b)(2)(C)(iii). Plaintiff's request fails that balancing test. Given that DOE 36 was only one of many persons who could have used the IP address in question, the quantum of relevance is miniscule at best. However, as discussed above, the burden to DOE 36 is severe. The lack of relevance on the one hand, measured against the severe burden of risking a significant reputational injury on the other, means that this subpoena fails the Rule 26 balancing

test.  *Id*.  Plaintiff's request for information is an unjustified fishing expedition that will cause reputational injury, prejudice, and undue burden to DOE 36 if allowed to proceed.  Good cause exists to quash the subpoena served on Comcast Cable Holdings to compel the disclosure of the name, address, telephone number and e-mail address of DOE 36.

11. For these reasons, DOE 36 respectfully requests that the Court grant this Motion to Quash.

## II. Motion to Dismiss or Sever for Improper Joinder

12. Rule 20 of the Federal Rules of Civil Procedure permits a Plaintiff to join multiple defendants into one action if "(A) any right to relief is asserted against them . . . arising out of the same transaction, occurrence, or series of transactions and occurrences; and (B) any question of law or fact common to all defendants will arise in the action.  Fed. R. Civ. P. 20(a)(2).  When determining whether defendants are joined properly, the court should liberally construe the requirements "in the interest of convenience and judicial economy in a manner that will secure the just, speedy, and inexpensive termination of the action." *Call of the Wild Movie, LLC v. Does 1-1,062*, No. 10-455, 2011 WL 996786 (D.D.C. Mar 22, 2011); *see United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 724 (1966).  If the defendants do not satisfy the test for permissive joinder, the court may drop or sever the misjoined parties.  *See* Fed. R. Civ. P. 21.

13. Attempts to join multiple unnamed defendants in a single action for copyright infringement over P2P networks have historically failed.  For example, in *Interscope Records v. Does 1-25*, No. 04-CV-197, 2004 U.S. Dist. Lexis 27782 (M.D. Fla. Apr. 1, 2004) (not reported in F. Supp), and *Elektra Ent. Group, Inc. v. Does 1-9*, No. 04-Civ-2289, 2004 WL 2095581 (S.D.N.Y. Sept. 8, 2004) (not reported in F. Supp), courts found misjoinder where plaintiffs brought suit against multiple defendants for downloading copyrighted materials using the Fast

Track P2P network, which allows users to use their computers to disseminate files to other users. The *Interscope Records* case has been cited and followed by district courts in the Second, Fourth, Sixth, Seventh, and Ninth Circuits. *See Elektra Ent. Group*, 2004 WL 2095581 at *18; *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 U.S. deist. LEXIS 14544 (E.D.N.C. Feb. 27, 2008); *Artista Records v. Doe*, 1:07-CV-2828, 2008 U.S. Dist. LEXIS 90183 (N.D. Ohio, Sept. 8, 2008); *Millenium TGA, Inc. v. Does 1-800*, No. 10-C-5603, 2011 U.S. Dist. LEXIS 35406 (N.D. Ill. Mar. 31, 2011).

14. In its complaint, Plaintiff attempts to convince the Court that the present situation is somehow different by characterizing Does 1-351 as a single "swarm." This exact same argument made by plaintiff was rejected in another case because of the fact that BitTorrent users may upload different initial files of a given work, which results in the creation of distinct swarms." *Pac. Century Int'l v. Doe*, No. C-11-02533, 2011 U.S. Dist. LEXIS 73837 (Oct. 27, 2011). The court in that case recognized that the fact that multiple users have downloaded the same copyrighted work is not evidence that they acted together to obtain it. *Pac. Century Int'l*, 2011 U.S. Dist. LEXIS 73837 at *12-*13.

15. A thorough reading of Plaintiff's complaint shows an almost identical situation here. Plaintiff pleads that Does 1-351 downloaded the same copyrighted work, and alleges that they acted in conspiracy in doing so. It also pleads that some of the IP addresses listed may belong to the same person. The complaint does not, however, set out facts that support the conclusion that defendants acted in concert or that the alleged downloads occurred as part of the same transaction or occurrence or series of transactions or occurrences. In fact, the dates and times at which Plaintiff alleges defendants downloaded the copyrighted material span a period of three months, from November 2011 to February 2012.

16. Plaintiff does not allege that the unnamed defendants communicated in any fashion, only that they downloaded the same material from a set of common sources. Plaintiff's complaint does not establish or allege all of the required elements for a claim of civil conspiracy. The individual defendants in this case do not have the knowledge of how to identify each other, when the other download fragments would take place, what parts of the files would be downloaded by whom, who possessed what parts of the downloaded file, and defendants do not control how the protocol works. Thus, the only thing all of the defendants have in common is that Plaintiff alleges infringement of the same copyrighted work by all of them. This does not meet the test for permissive joinder, and the Court should therefore grant DOE 36's Motion. In this case, like many others, Bit Torrent plaintiffs often claim that they can determine that all of the unknown defendants were involved in the same "swarm", i.e. a group of downloading individuals. However, if two persons were charged with auto theft of the same model of car on two different nights, no court would allow their cases to be joined. Therefore what Plaintiff has alleged is a smokescreen—labeling a group of Bit Torrent downloaders a "swarm" and then pleading that they colluded to infringe Plaintiff's intellectual property in not sufficient to show that joinder is proper, because it fails to show that the defendants are connected to the same transaction, occurrence or series of transactions and occurrences or to show that they specifically acted in concert. *See Pacific Century Int'l LTD v. Does 1-101*, No. C-11-02533-(DMR) (N.D. Cal. July 28, 2011). Because this improper joining of 351 defendants into this one lawsuit raises serious questions of individual fairness and individual justice, the Court should dismiss or sever Does 2-351 pursuant to Fed. R. Civ. P. 21

### III. Conclusion and Prayer

17. For these reasons, DOE 36 respectfully asks the Court to quash the subpoena served by

Plaintiff upon Comcast Cable Holdings.  Further, DOE 36 requests that the Court sever DOEs 2-351 this action because they are improperly joined and dismiss without prejudice the claims against DOEs 2-351.

Respectfully submitted,

By: _____

Matías J. Adrogué
State Bar No. 24012192
S.D. TX, Adm. ID 30647
1629 W. Alabama St.
Houston, Texas 77006
*Telephone* 713-425-7270
*Facsimile* 713-425-7271
**Attorney for Doe No. 36**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served to all counsel of record by hand delivery and/or fax transmittal and/or Certified mail, return receipt requested and/or U.S. Mail, on this the 13th day of April, 2012.

_____
Matías J. Adrogué