IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| WEST COAST PRODUCTIONS, INC., § Plaintiff, § vs. § § DOES 1-351, § Defendants. § | Case No. 4:12-cv-00504 § § MOTION TO SEVER and § QUASH OR MODIFY § SUBPOENA § |

### DEFENDANT J. DOE NO. 328'S MOTION TO SEVER AND QUASH OR MODIFY SUBPOENA

COMES NOW, John Doe, Defendant, known only as the 328th of 351 IP addresses listed in Plaintiff's petition, 173.57.11.83, who received notice of a subpoena describing Plaintiff's efforts to gain his name. Defendant now respectfully moves the Court to sever Defendants for improper joinder pursuant to FED. R. CIV. P. 21, and quash the subpoena issued to Defendant's internet service provider Verizon Internet Services pursuant to FED. R. CIV. P. 45. Alternatively, if the motion to quash the subpoena is denied, Defendant requests that the Court enter a protective order prohibiting the public disclosure of any information relating to Defendant that is obtained via the subpoena, pursuant to FED. R. CIV. P. 26(c).

### LEGAL BACKGROUND

1.      On February 20, 2012, Plaintiff West Coast Productions, Inc., a California corporation, filed a complaint entitled and numbered as above against 351 unknown defendants, alleging copyright infringement of a pornographic movie ("Complaint").

2.      Claiming that it can only identify those who infringed by obtaining the names of individuals to whom an internet protocol address ("IP address") is assigned, this Court permitted a third-party subpoena to be served to the various internet service providers which supported the IP addresses which Plaintiff identified as addresses through which its movie was allegedly infringed.

3. John Doe 328 received the notice and copy of the subpoena on or about April 8, 2012.

4. Plaintiff claims that it has identified the IP addresses of the alleged infringers by means of monitoring a file sharing protocol known as Bit Torrent, which is a decentralized file sharing protocol that is used to distribute programs and files for legal and illegal purposes.

5. Identification of an IP address establishes only a physical router, at best. IP addresses can be created using proxy servers that simulate use of an IP address. Even if an IP address is correctly identified, knowing the IP address does not provide the name of a human being that may or may not be downloading a file.

6. Plaintiff alleges in its Complaint that Doe 328 was acting in a civil conspiracy with other defendants from whom it seeks damages (¶8). Plaintiff asserts that joinder is proper because it alleges that all 351 defendants were involved in infringing the copyright of the same work.

7. Though Plaintiff admits that its monitoring software can conclude that there are actually more infringers than there are, because IP addresses change frequently, leading to false information about potential infringers.

8. Plaintiff also leaves out of its analysis that the filing of one larger suit is far less expensive than properly filing 351 suits against 351 alleged copyright infringers.

9. Plaintiff says that it uses a "geolocation technology" to conclude that all of the alleged infringers live in Texas, as though that provides proper jurisdiction. Plaintiff does not bother to inform the court that one can download software to mask a computer's location with great ease.

10. Doe 328 does not reside or have contacts in the Southern District of Texas.

## INTRODUCTION

11. The instant case is part of a systemic effort to build a business model based on weak allegations of copyright infringement combined with distasteful subject matter to wrest quick settlements from defendants who find themselves in the position of paying for legal assistance while attempting to keep their anonymity and defending against scurrilous allegations which can damage reputations in a way that can never be repaired.

12. To cut court costs while suing as many individuals as possible, Plaintiff's counsel is using improper joinder in this mass lawsuit alleging copyright infringement through Bit Torrent. Pacer reveals that Plaintiff has employed this approach in more than a dozen lawsuits in the last few years. In fact, a cottage industry consisting of Plaintiff's counsel and another few "copyright mills" have sued more than a million defendants in just the last two years. Courts all over the country are struggling through these cases, all of them based on the Bit Torrent protocol.

13. More than a dozen cases of this nature have been filed by Plaintiff and similarly placed plaintiffs in the last few years. They typically result in a few settlements shortly after being filed, and any remaining defendants are dismissed. For example, 3:10-cv-00094-JPB-JES *West Coast Productions, Inc. v. DOES 1-535*, was filed on September 24, 2010, and terminated on January 11, 2011, after a flurry of motions to quash. The last action on the part of Plaintiff was to dismiss the remaining defendants and seal the file, presumably so Plaintiff can continue its effort to shame defendants into settlements.

14. Courts are divided on how to handle these cases, but most are finding that the subpoenas should be quashed, and defendants severed. The Northern District of Texas dealt with nine such cases in 2010; each time, the court quashed the subpoena and severed defendants.[1]

---

[1] 10-cv-01407;01537;01702; 01863;01900;02094;02095;02096; and 02139. All nine dealt with one plaintiff suing mass defendants alleging internet infringement of the plaintiff's pornography using Bit Torrent or similar software.

## ARGUMENT 1 – IMPROPER JOINDER

15. This case appears to be a copy of this recent trend toward mass copyright cases, where 351 defendants who have nothing to do with each other, and at least one who does not reside within this Court's jurisdiction, and are alleged to have downloaded the same movie illegally. This improper joinder jeopardizes an individual evaluation of Plaintiff's claims against Doe 328.

16. Plaintiff's joinder of 351 defendants in this suit is improper, creating unfairness and denying individual justice to those sued. Mass joinder of individuals has been disapproved by federal district courts in copyright infringements cases based on computer downloads before, as Judge Furgeson of the Northern District of Texas, Dallas Division, did in the nine cases mentioned *supra*, stating:

> "... permissive joinder is improper ...because each [d]efendant will also likely have a deferent defense. [...the] court finding improper joinder explained it this way:
>
> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . "

*Lucas,* No. 3:10-cv-01537-F (quoting *BMG Music v. Does 1-203,* No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants).

17. Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions. Plaintiff cannot show that Defendants are associated in this way, any more than all car thieves in Texas can be prosecuted together just because they are all accused of stealing a car, or even cars made the same year, or even the same color, make and model of car.

18. Joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by courts across the country. In *LaFace Records,*

*LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of lawsuit against thirty-eight defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way. The court explained: "[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008 WL 544992, at *2. In *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006), the court *sua sponte* severed multiple defendants in action where the only connection between them was allegation they used same ISP to conduct copyright infringement. See also *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and peer-to-peer network to conduct copyright infringement); *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, *In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder).

19. For another example, federal courts seated in the State of Texas, the District Court for the Western District of Texas, in *UMG Recordings, Inc. et al. v. Does 1-51*, No. A-04-CA-704 (WD Tex. Nov. 2004), denied efforts by a recording industry plaintiff to join 254 defendants accused of infringing their copyrights by illegal downloading music, stating: "The claim is against each defendant is individual, based on individual acts of each defendant, and if proven, will result in unique damage claims. The defendants are not properly joined under Rule 20."

20. Plaintiff cannot circumvent this embrace of joinder principles by erroneously claiming that the defendants conspired with the intent to illegally download Plaintiff's movie. Plaintiff's complaint does not establish or allege all of the required elements for a claim of civil conspiracy. The individual Defendants in this matter have neither the knowledge of identifying each other, when the other download fragments would take place, what parts of the files would be downloaded and by whom, who possessed what parts of the downloaded file, nor do Defendants control how the protocol works.

21. While Plaintiff also argues that its allegations here are based upon Defendant's conspiring to use Bit Torrent to infringe a single work, those allegations do not meet the legal requirements for civil conspiracy. Whether the alleged infringement concerns a peer-to-peer file sharing or decentralized file downloading, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and each Defendant subject to different defenses and individual circumstances. Bit Torrent plaintiffs enjoy claiming that this protocol is somehow manifestly different from other file sharing processes because the Bit Torrent protocol stores fragments of a work on computers belonging to many different people and reassembles them in order to make a copy. As far back as 2002, many older file-sharing protocols worked in this fashion, including Kazaa, eDonkey and Gnutella; all incorporated multisource/swarming downloads. That attenuated relationship is not sufficient for joinder nor does it establish any element of civil conspiracy. See *BMG Music v. Does 1-203*, 2004 WL 953888, at *1.

22. The only tangible difference between Bit Torrent and older systems is that Bit Torrent creates trackers that specifically deal with a single file prior to a user's search, rather than performing a search on the entire network of fire sharers, as the Gnutella and other older protocols do. The difference is merely in the order of the steps necessary to download a file.

23. In this case, like many others, Bit Torrent plaintiffs often claim that they can determine that all the unknown defendants were involved in the same "swarm", e.g., group of downloading individuals. However, if two persons were charged with attempted auto theft of the same model of car on two different nights, no court would allow their case to be joined. The court found in *Io Group, Inc. v. Does 1-435* that, while users may download the same file, it does not necessarily indicate that they are "connected to the same transaction, occurrence or series of transactions of occurrences, or . . . show they specifically acted in concert." *Pacific Century International LTD v. Does 1-101*, No. C-11-02533-(DMR) (Dist. Court, ND California July 28, 2011).

24. Because this improper joining of these Defendants into this one lawsuit raises serious questions of individual fairness and individual justice, the Court should sever the Defendants pursuant to FED. R. CIV. P. 21.

25. Even if the requirements for permissive joinder under Rule 20(a)(2) had been met, this court would have broad discretion to refuse joinder or to sever the case under Rule 21 in the interest of avoiding prejudice and delay, ensuring judicial economy, and safeguarding principles of fairness. Keeping all the Defendants in the case would result in every motion by any party being sent to every party, presumably comprising a number of pro se litigants who cannot be expected to properly react.

26. This court must quash Plaintiff's subpoena under Rule 45(c)(3) because the subpoena requires disclosure of protected matter and no exception or waiver applies. Plaintiffs are often allowed discovery at the outset of a lawsuit to identify otherwise unknown persons alleged to have committed a

legal wrong. However, Plaintiff failed to properly apprise the Court of the appropriate discovery standard, as here, Defendants were engaging in anonymous communication and Plaintiff's claims arise from those activities. Especially given the number of Doe defendants affected and the pornographic nature of the movie in question, it is crucial that the Court apply the correct procedure here and require Plaintiffs to follow the appropriate procedures before individuals' identities are disclosed.

27. Other similar cases have also been dismissed all over the country, such as *CP Productions, Inc. v. Does 1-300 case 1:2010cv06255,* and in this case the court notes before dismissal:

> "[I]f the 300 unnamed defendants have in fact infringed any copyrights (something that this court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap –- if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350."

28. Later, Judge Milton Shadur writes about copyright mills abusing the litigation system "in more than one way" with its "ill-considered" lawsuit:

> "This Court has received still another motion by a "Doe" defendant to quash a subpoena in this ill-considered lawsuit filed by CP Productions, Inc. ("CP") against no fewer than 300 unidentified "Doe" defendants – this one seeking the nullification of a February 11, 2011 subpoena issued to Comcast Communications, LLC. This Court's February 24, 2011 memorandum opinion and order has already sounded the death knell for this action, which has abused the litigation system in more than one way. But because the aggrieved Doe defendants continue to come out of the woodwork with motions to quash, indicating an unawareness of this Court's dismissal of this action, 1 CP's counsel is ordered to appear in court on March 9, 2011 at 9:00 a.m. Counsel will be expected to discuss what steps should be taken to apprise all of the targeted "Doe" defendants that they will not be subject to any further trouble or expense as a result of this ill-fated (as well as ill-considered) lawsuit." (*CP Productions, Inc. v. Does 1-300 case 1:2010cv06255 (dismissed ALL John Doe defendants)*

29. In another Bit Torrent case in Illinois, Judge Harold A. Baker writes in denying the motion for expedited discovery:

> "Plainly stated, the court is concerned that the expedited *ex parte* discovery is a fishing expedition by means of a perversion of the purpose of and intent of FED. R. CIV. P. 23." *VPR Internationale vs. Does 1-1017 case 2:2011cv02068*

30. In the Northern District of California, these nearly identical Bit Torrent cases have been severed for improper joinder:

*Pacific Century International LTD v. Does 1-101 case 4:2011cv02533 (severed does 2-101)*
*IO Group, Inc. v. Does 1-435 case 3:2010cv04382 (severed does 2-435)*
*Diabolic Video Productions, Inc v. Does 1-2099 case 5:2010cv05865 (severed Does 2-2099)*
*New Sensations, Inc v. Does 1-1768 case 5:2010cv05864 (severed Does 2-1768)*

31. In yet another nearly identical Bit Torrent case, filed in the Northern District of California, *Millennium TGA, Inc v. Does 1-21 case 3:2011cv02258*, Judge Samuel Conti found the same joinder problems, and wrote in his order denying request for leave to take early discovery, "This Court does not issue fishing licenses;" And these nearly identical Bit Torrent cases in the Northern District of California by the same plaintiff have been severed for improper joinder:

*Boy Racer, Inc v. Does 1-52 case 5:2011cv02329 (severed Does 2-52)*
*Boy Racer, Inc v. Does 1-71 case 5:2011cv01958 (severed Does 2-72)*

32. In September 6, 2011 order issued by Judge Bernard Zimmerman, Northern District of California, 5010 John Does were dismissed from *On The Cheap, LLC, v. Does 1-5011, case C10-4472 BZ*, due to improper joinder. Judge Zimmerman stated the following in his order:

"This Court does not condone copyright infringement and encourages settlement of genuine disputes. However, Plaintiff's desire to enforce its copyright in what it asserts is a cost-effective manner does not justify perverting the joinder rules to first create the management and logistical problems discussed above and then to offer to settle with Doe defendants so they can avoid digging themselves out of the morass plaintiff is creating."

33. The similar but separate nature of the Bit Torrent connections is highlighted in three recently filed K-Beech cases in Colorado (K-Beech Inc., v. John Doe, 1-11-cv-02370-PAB, K-Beech Inc., v. John Doe, 1-11-cv-02371-CMA, and K-Beech Inc., v. John Doe, 1-11-cv-02372-MSK) filed on 8 Sep 2011. These three cases also concern the infringement of the same file as this case (Virgins 4), by John Does in Colorado. Plaintiff's attorney in Colorado decided to file separate cases for each John Doe, as joinder of the three could not justified by location only.

34. Discussions of the technical details of the Bit Torrent protocol aside, the individual Defendants still have no knowledge of each other, nor do they control how the protocol works. Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean well-established joinder principles should be ignored.

### ARGUMENT 2– IP ADDRESSES ARE NOT PEOPLE"

35. IP addresses can be "spoofed," which occurs when a downloader makes make his IP address to appear as someone else's. In the behavior alleged in Plaintiff's petition, the only reliable unique identifier that can be tied to a particular piece of equipment is the MAC address of the router, Ethernet card or other device that interfaces to the Internet. That number (more like a serial number) is unique to each and every device that connects to a network, but is typically not recorded, and would probably be difficult to tie to a particular user from ISP or other records.

36. In *VPR Internationale v. Does 1-1017*, U.S. District Court Judge Harold Baker ruled against VPR, a Canadian adult film company, disallowing a subpoena to ISPs for the personal information connected to their subscribers' IP addresses. His logic was that just because an activity has been conducted from a specific IP-address does not inexorably lead to a conclusion that the IP address' owner has actually done anything wrong. As Judge Baker wrote,

> "In this case, not a single one of the plaintiff's 1.017 potential adversaries has been identified. … Moreover, VPR ignores the fact that IP subscribers are not necessarily copyright infringers." He also said that even when the ISP does provide an IP address' subscriber information that the subscriber may not be guilty of any crime.

37. In his decision, Baker cited the recent example of Federal agents arresting a couple and seizing their computer, iPhones, and iPads for child porn only to find out later that it was a neighbor who had used their Wi-Fi connection to download the illegal material. This kind of

situation, where someone is arrested for what's done without their knowledge or consent with their network connection, is common.

## CONCLUSION

38. The improper joining of 351 Doe defendants into this one lawsuit raises serious questions of individual fairness and individual justice. As noted by previous courts, the use of these cases (and the courts) as a means of obtaining subpoenas to issue settlement letters is well documented. Even when John Doe defendants choose not to settle, the plaintiffs in these cases ultimately fail to name defendants and start further court actions. Many of these types of cases are kept open for as long as possible so the plaintiffs can obtain as much settlement money as possible, before they voluntarily dismiss the case and move onto a new one. There is a well documented history of these types of cases in the Northern Districts of Illinois and California.

39. Plaintiff's records do not show how any of the IP addresses they identified interacted with each other (sharing the file in question).

40. The court should also note the very cursory effort Plaintiff has taken to identify the true copyright infringers. As the IP address assigned to each defendant does not equal culpability, simply going after the registered owner of the IP address is irresponsible. The registered user of the IP address only identifies the person who pays the Internet Service Provider (ISP) for Internet access. There are multiple possibilities as to why the defendant did not copyright infringe against Plaintiff. Possible reasons include: the computer/network was "hacked" by unauthorized personnel; home WiFi connection running without any sort of security and used by unauthorized personnel (neighbor, etc.); guests at the defendant's residence used the network and defendant was not aware of the activity.

41. Without additional investigative steps, innocent personnel are bound to be implicated in infringement activity and pressured to pay settle amounts to end the threat of a federal law suit.

42. Doe 328 respectfully asks the Court to dismiss the subpoena requiring the ISP provide the subscriber information on all John Doe defendants. Doe 328 respectfully requests the court sever Doe defendants 2-351 from this case, as there is no evidence to show that ALL Doe defendants acted together are thus they are incorrectly joined together. *See* FED. R. CIV. P. 21.

**WHEREFORE**, for the reasons set forth above, Defendant respectfully requests that the Court GRANT this Motion and enter an Order severing the Doe defendants from this suit, and quash the subpoena issued to Defendant's ISP. Alternatively, if the Court denies the Motion to Quash, Defendant respectfully requests that the Court enter a protective order prohibiting any party in this action from disclosing publicly (including in any public filings made in this case) any information regarding Defendant obtained from Defendant's ISP.

Respectfully submitted,

_____
Warren Norred, Attorney
Texas State Bar No. 24045094
Southern Dist. of Texas Bar No. 1116088
Norred Law, PLLC, 200 E. Abram, Ste 300
Arlington, TX 76010
Attorney for John Doe 328, IP 173.57.11.83

<u>CERTIFICATE OF SERVICE</u> - I hereby certify that on 04/19/2012, I served a copy of the foregoing document via ECF to anyone requesting documents in this case.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Warren Norred, for
　　　　　　　　　　　　　　　　　　　　　John Doe No. 328, IP 173.57.11.83

<u>CERTIFICATE OF COMPLIANE WITH LOCAL RULE 7.1(B) -</u>  I hereby certify that the undersigned counsel has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised or that the undersigned counsel has attempted to so confer but was unsuccessful.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Warren Norred, for
　　　　　　　　　　　　　　　　　　　　　John Doe No. 328, IP 173.57.11.83