United States District Court
Southern District of Texas
FILED

APR 2 4 2012

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

WEST COAST PRODUCTIONS, INC. §
Plaintiff, §
§
v. § CIVIL ACTION NO. 4: 12-CV-0504
§
DOES 1-351 §
Defendants §

## JOHN DOE 123'S MOTION TO DISMISS OR SEVER THE MATTER, QUASH THE SUBPOENA, AND FOR A PROTECTIVE ORDER.

Respectfully submitted,

LAW FIRM OF O.J. LAWAL & ASSOCIATES

Omotayo " O.J." Lawal, Esq.
TBN : 24004144
8700 Commerce Park, Ste 202
Houston, Texas 77036
Phone : 713-773-0600
Fax : 713-773-0699
**ATTORNEY FOR DEFENDANT
JOHN DOE 123**

TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1

ARGUMENT ..................................................................................................................... 2

    1. Plaintiff's Subpoena must be Quashed, or at a Minimum, the Court Should Order a Protective Order to Protect the Defendant from Annoyance, Embarrassment, Oppression, or Undue Burden or Expense ............................................................................................................. 2

    2. The Action Must be Dismissed or Served Because Plaintiff Improperly Joined 351 Persons ............................................................................................. 4

CONCLUSION .................................................................................................................. 7

PRAYER ............................................................................................................................ 7

CERTIFICATE OF SERVICE ........................................................................................... 9

NOTICE OF HEARING .................................................................................................. 10

## TABLE OF AUTHORITIES

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).................................................................2,4

*Alexander Grant & Co. Litigation,* 820 F.2d 353, 355-356 (11th Cir. 1987)....................3

*Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 554-56 (2007).............................................2

*Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 558 (2007)...................................................5

*Diabolic Video Productions, Inc. v. Does I-2099,* No. 10-CV-5865..................................5

*K-Beech, Inv, v John Does 1-85,* No. 3:11 CV469-JAG................................................... 4,6

*Lightspeed v. Does I-1000,* No 10 c 5604 (N.D. Ill. March 31, 2011)...............................5

*Patrick Collins, Inc v. DOES 1-118,* No. 3:10CV92 (N.D.W.V. 2010).................................5

Fed. R. Civ. P. 26 (c)...................................................................................................................3

Fed. R. Civ. P. 45 (c) (3).............................................................................................................2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WEST COAST PRODUCTIONS, INC. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4: 12-CV-0504 |
| | § | |
| DOES 1-351 | § | |
| Defendants | § | |

### JOHN DOE 123'S MOTION TO DISMISS OR SEVER THE MATTER, QUASH THE SUBPOENA, AND FOR A PROTECTIVE ORDER.

**TO THE HONORABLE COURT:**

COMES NOW Defendant John Doe 123 (70.114.39.73) ("Doe" or Defendant"), by and through his counsel, Omotayo J. Lawal, and files this Motion to Dismiss or Sever the Matter, Quash the Subpoena, and for a Protective Order.

### INTRODUCTION

Plaintiff filed complaint before this Court, alleging copyright violations under the United States Copyright Act. The complaint was based on alleged downloading of an adult video: "Monster Wet Anal Asses", through the use of BitTorrent file sharing protocol. The alleged Defendants are unnamed. The Plaintiff sought discovery in the case through a subpoena using the Internet Protocol address of the alleged potential defendants. The request for subpoena has as an attachment an Exhibit A, which lists the John Doe number, the date on which the downloading took place, and the alleged internet provider.

The goal of the Plaintiff was to get the name, address, telephone number and other private and confidential of the alleged unknown defendants, so that the Plaintiff could go after such individuals and get them to settle cases in court as it has been done in a myriad other BitTorrent cases across the nation. The spreadsheet included 'IP Address 70.114.39.73' of which the internet provider said belonged to Defendant John Doe 123.

In this Motion, John Doe 123 is asking the Court to quash the subpoena. First, the

subpoena is overly broad and requests confidential and private information which is more than necessary for the purpose of this litigation and which should be protected. Secondly, the subpoena is meant to do nothing but to harass, annoy, oppress and extort the Defendant and expose the Defendant to undue burden and expense. Thirdly, the joinder in this case is improper and was done to save the Plaintiff money while using the Court as a weapon in harassing the Defendant to a coerced settlement of this unjustified lawsuit.

The Defendant is asking the Court to dismiss the subpoena for the above reasons, or in the alternative issue a protective order to prevent the Plaintiff from using the subpoena to harass, annoy or expose the Defendant to undue burden or expense. The Defendant is also asking the Court to sever the defendant from other defendants, as the joinder in this case is improper. Defendant john Doe 123 is finally asking the Court to mandate the Plaintiff to file separate complaints regarding each defendant as the circumstances of each defendant is different regarding this lawsuit, and a joinder of all 351 defendants is improper and unjust.

### A. ARGUMENT

A Federal court should quash any subpoena that requires the disclosure of privileged or confidential information. Fed. R. Civ. P. 45(c)(3). The court may also grant a protective order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). Information is not discoverable if it is not relevant. Fed. R. Civ. P. 26(b)(1). For a joinder to be proper, there must be a right to relief arising out of the same transaction or occurrence or series of transactions or occurrences, and there must also be a question of law or fact common to all the defendants which will arise in the action. Fed. R. Civ. P. 20. A complaint requires more than labels, and conclusions, and a recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 554-56 (2007); See also *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).

1. **Plaintiff's Subpoena Must be Quashed, or at A minimum, the Court Should Order a Protective Order to Protect the Defendant from Annoyance, Embarrassment, Oppression, or Undue Burden or Expense.**

Plaintiff's Subpoena must be dismissed because it seeks confidential information about John Doe 123. Under Federal rules, a subpoena must be quashed if the subpoena is an attempt to get private, confidential information. Fed. R. Civ. P. 45(c)(3). The court can also act within its

power to protect the privacy of the affected person due to the potential for invasion of privacy inherent in the litigation process. *In Re Alexander Grant & Co. Litigation,* 820 F.2d 353, 355-356 (11th Cir. 1987). Moreover, upon good cause shown, this court may make an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c).

In this case, the Plaintiff seeks access to John Doe 123's name, address, and telephone number. The subpoena also seeks information regarding John Doe 123's internet usage. These are private and confidential information. Allowing the Plaintiff to enforce the subpoena will expose the private life of John Doe 123 to the Plaintiff, including access to matters that are totally irrelevant to the scope of this suit, and to which John Doe 123 has a constitutional right to keep private. Once the Plaintiff has access to the information, no one knows the extent to which the Plaintiff may make use of such information to the detriment of John Doe 123 in this case. The court should therefore quash the Defendant's subpoena.

When viewed from a wider perspective, the goal of the Plaintiff's case is to coerce the John Does in this case to settle this case, so that the Plaintiff can milk them with the threat of litigation. To the Defendants, however, the risk goes beyond parting with money in a scam like this. The risk of annoyance, embarrassment, and oppression is very high in this case. The risk of embarrassment the moment the name of a Defendant is searched on the internet. Even if a Defendant never shared a pornographic movie (as the case of this defendant), or a Defendant is found innocent after a trial, the embarrassment does not go away. The name of the Defendant becomes permanently identified with the alleged downloading and sharing of pornographic movie, regardless of the outcome of this case, if that name should be searched on the internet for any reason. The Plaintiff here knows this, and had used that threat of litigation and embarrassment to coerce settlements from persons who simply want to protect their identities from the harassment and embarrassment of having their names associated with pornography.

The only way the court could protect the Defendant here is to quash the subpoena issued as the subpoena in the hands of the Plaintiff is a weapon to oppress, harass and embarrass the Defendant in monetary settlement. The Plaintiff's Subpoena should therefore be quashed.

In the alternative, the court must at the minimum issue some form of protective order to

make any information regarding the Defendant's identity to remain sealed and confidential. The order should also prevent the Plaintiff from annoying, embarrassing, or oppressing the Defendant.

2. **The Action Must be Dismissed or Defendants Severed Because Plaintiff Improperly Joined 351 Individuals.**

This suit must be dismissed or the Defendants must be severed because the Plaintiff improperly joined 351 individuals for distinctly separate transactions and occurrences. For a proper joinder, there must be a right to relief arising out of the same transaction or occurrence or series of transactions or occurrences. There must also be a question of law or fact common to all the defendants which will arise in the action. Fed. R. Civ. P. 20. As the Supreme Court has made clear, a complaint requires more than labels, and conclusions, and a recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007); See also *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Here, the Plaintiff has not discharged its burden to show that joinder is proper. According to the Plaintiff, the Defendants allegedly infringed upon the same pornographic movie, albeit on different days, different times, and in different ways. The Plaintiff fails to allege facts that would lead one to believe that the defendants acted in concert, worked together, or took any action that would constitute the same transaction or occurrence. The Plaintiff therefore did not assert anything beyond mere legal conclusions, and it fails to assert plausible grounds for relief against the Defendants.

The Plaintiff alleged that the Defendants in this case are all part of the same "swarm", and went on to state what a swarm looks like. Instead of establishing why joinder is proper in this case despite acknowledging that the Defendants acted in different ways, on different days and at different times, the Plaintiff engaged only in sweeping allegations and hyperbolic liberties purportedly based on its questionable technical specialist methods of discovering swarms. Meanwhile, merely asserting that a set of defendants are part of the same "swarm" for any alleged file sharing in an attempt to confer joinder, has been rejected by courts all over the country. See *K-Beech, Inc. v. John Does 1-85*, No. 3:11CV469-JAG (E.D. Va., Oct 5, 2011) ("The mere allegation that the defendants have used the same peer-to-peer network to copy and

reproduce the Work—which occurred on different days and times over a span of three months—is insufficient to meet the standards of joinder set forth in Rule 20.)

In this case, haphazardly accusing 351 individuals of acting in concert with each other, simply because they all allegedly have the use of BiTorrent and the sharing of a film in common is not enough to establish joinder. Discovery pertaining to Defendant John Doe 123 must therefore not be allowed to proceed. The Supreme Court has said that allowing discovery where joinder is improper will allow a largely groundless claim to take up the time of a number of people. *Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 558 (12007). The Plaintiff's action must therefore be dismissed for improper joinder.

At a minimum, when Defendant is improperly joined as we have in this case, any claim against such defendant should be severed and proceeded with separately. Fed. R. Civ. P. 21. In a West Virginia case with similar allegations, the District Court severed the action against all Defendants. The Court stated that evidence of misjoinder was present in the fact that each defendant would have a completely separate and distinct factual scenario surrounding each alleged infringement. The Court subsequently severed all the defendants in that case, quashed all subpoenas except for the John Doe 1. The Court then mandated the Plaintiff to file amended complaints regarding the remaining 117 Doe Defendants. *Patrick Collins, Inc. v. Does 1-118,* No. 3:10CV92 (N.D.W.V. 2010).

The reason for severing the defendants is further elucidated by an Illinois court in a similar case. The Court noted that:

> There are no facts to support the assertion that defendants conspired with each other to reproduce plaintiffs' works . . . and the allegations that defendants simply used the same peer-to-peer network to download plaintiffs' works – on many different days at many different times – is insufficient to allow plaintiff to litigate against hundreds of different Doe defendants in one action." *Lightspeed v. Does 1-1000,* No 10 C 5604 (N.D. Ill. March 31, 2011).

The same sentiment was expressed when a California court severed the action against the defendants in the case of *Diabolic Video Productions, Inc. v. Does 1-2099,* No. 10-CV-5865, 2011 U.S. Dist LEXIS 58351, at *10-11 where the Court said, 'The mere allegation that the defendants have used the same peer-to-peer network to copy and reproduce the Work—which

occurred on different days and times over a span of three months—is insufficient to meet the standards of joinder set forth in Rule 20.'

While the essence of joinder of parties is to save judicial time and costs, courts all over the country have recognized that misjoinder of defendants in Does cases relating to the use of BiTorrent downloads is an attempt to save the Plaintiffs cost and using the court as an asset in coercing defendants in such cases towards unjustified settlements. The Virginia Court went in depth in analyzing the BitTorrent cases as a fraud it actually is in *K-Beech*. The Court went as far as questioning the attorneys involved in such cases regarding his duties under Rule 11. According to the Court:

> Accordingly, the Court concludes that joinder of the Doe defendants in this action does not satisfy Rule 20(a). In the interest of fairness, the Court finds it appropriate to exercise its discretion under Rule 21 to sever all of the defendants but one. . . .
> The Court also finds that the plaintiff should be required to show cause why certain conduct does not violate Rule 11 of the Federal Rules of Civil Procedure. The Court currently has three similar cases before it, all brought by the same attorney. The suits are virtually identical in their terms, but filed on behalf of different film production companies. In all three, the plaintiffs sought, and the Court granted, expedited discovery allowing the plaintiffs to subpoena information from ISPs to identify the Doe defendants. According to some of the defendants, the plaintiffs then contacted the John Does, alerting them to this lawsuit and their potential liability. Some defendants have indicated that the plaintiff has contacted them directly with harassing telephone calls, demanding $2,900 in compensation to end the litigation. When any of the defendants have filed a motion to dismiss or sever themselves from the litigation, however, the plaintiffs have immediately voluntarily dismissed them as parties to prevent the defendants from bringing their motions before the Court for resolution. This course of conduct indicates that the plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them. The plaintiffs seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does. Whenever the suggestion of a ruling on the merits of the claims appears on the horizon, die plaintiffs drop the John Doe threatening to litigate the matter in order to avoid the actual cost of litigation and an actual decision on the merits. *K-Beech, Inc. v. John Does 1-85*, No. 3:11CV469-JAG (E.D. Va., Oct 5, 2011).

In this case, the joinder is improper as it does not satisfy Rule 20. The Court at a minimum must sever the defendants. The Plaintiff must then be mandated to file a separate complaint regarding each defendant.

---

## CONCLUSION

The subpoena in this case requires the disclosure of private and confidential information. The potential to use a subpoena in this case to harass, embarrass and expose John Doe 123 to undue burden is very high. The subpoena should therefore be dismissed. At a minimum, the Court should grant a protective order mandating the Plaintiff not to use information gathered to harass, embarrass or expose John Doe 123 to undue burden. Court should also sever the defendants in this case since the Plaintiff fails to meet the standard of Rule 20 of the Federal Rules of civil Procedure.

## PRAYER

Wherefore Defendant John Doe 123 requests this Court to dismiss the subpoena. At a minimum, Defendant John Doe 123 requests the Court to issue a protective order to prevent the Plaintiff from using information gathered through the subpoena to harass, embarrass or expose Defendant John Doe 123 to undue burden or expense. The Court should also at a minimum sever the defendants in this case.

Defendant John Doe 123 further asks the Court to impose attorneys for the cost of this hearing on the Defendants, and for other reliefs Defendant John Doe 123 may be entitled to.

Respectfully submitted,

**LAW FIRM OF O.J. LAWAL & ASSOCIATES**

_____
Omotayo " O.J." Lawal, Esq.
TBN : 24004144
8700 Commerce Park, Ste 202
Houston, Texas 77036
Phone : 713-773-0600
Fax : 713-773-0699
**ATTORNEY FOR DEFENDANT
JOHN DOE 123**

**CERTIFICATE OF SERVICE**

I certify that on April 23, 2012, a true and correct copy of the Foregoing Motion was forwarded to Douglas M. McIntyre, 720 North Post Oak Road, Suite 610, Houston, Texas 77024 by facsimile (713)461-3697 and/or certified mail.

Omotayo " O.J." Lawal, Esq.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WEST COAST PRODUCTIONS, INC<br>Plaintiff,<br><br>v.<br><br>DOES 1-351<br>Defendants | §<br>§<br>§<br>§   CIVIL ACTION NO. 4: 12-CV-0504<br>§<br>§<br>§ |

## NOTICE OF HEARING

Please be informed that Defendant John Doe 123's Motion to Dismiss, Quash the Subpoena, Sever the Matter, or for a Protective order in the above mentioned cause will come up for hearing on _____, 2012 at _____, before the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**LAW FIRM OF O.J. LAWAL & ASSOCIATES**

_____
Omotayo " O.J." Lawal, Esq.
TBN : 24004144
8700 Commerce Park, Ste 202
Houston, Texas 77036
Phone : 713-773-0600
Fax : 713-773-0699
**ATTORNEY FOR DEFENDANT
JOHN DOE 123**