IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WEST COAST PRODUCTIONS, INC., § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:12-cv-00504 |
| § | |
| DOES 1–351, § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

### I.   BACKGROUND

On February 20, 2012, Plaintiff filed a Complaint [Doc. # 1] against 351 unnamed Doe Defendants identified in the Complaint solely by their Internet protocol ("IP") addresses and Internet Service Providers ("ISP"). *See* Ex. A to Compl. [Doc. # 1-1]. Plaintiff alleges that these Doe Defendants infringed Plaintiff's copyright for the adult video "Monster Wet Anal Asses" ("Video"), registered with the Copyright Office on October 18, 2011.[1] *See* Compl., ¶¶ 3, 25. Subsequently, Plaintiff filed an Unopposed Motion for Expedited Discovery [Doc. # 3] seeking leave to serve third-party subpoenas prior to a Rule 26(f) conference. The Court granted Plaintiff's Motion on February 28, 2012, *see* Order

---

[1]   The Registration Number for the work is PA 1-764-710. *See* Ex. B to Compl. [Doc. # 1-2].

1

[Doc. # 5], but modified Plaintiff's Proposed Order [Doc. # 3-2] to (1) limit the issuance of subpoenas to only those ISPs identified in Exhibit A to the Complaint; (2) require that Plaintiff serve copies of all materials and information obtained from an ISP about any individual putative Doe Defendant on that specific individual; and (3) require that ISPs send all affected subscribers a notice ("Notice') stating that the individual had "30 days from the date of this notice to file a motion to quash or vacate the subpoena." *See* Order [Doc. # 5], ¶¶ 1, 2, 5; App'x A to Order [Doc. # 5-1].

Subsequently, individuals identified as Doe Defendants # 3, # 36, # 123, # 328, and # 342 filed Motions to Dismiss, Sever, Quash, Modify, and/or for Protective Order. *See* Motions [Docs. ## 8, 9, 13, 17, 20]. The Movants make similar arguments (1) that joinder is improper because they were not part of the same transaction or occurrence, (2) that the Court lacks personal jurisdiction over this case, and (3) that the subpoenas should be quashed because they invade their privacy and/or impinge on their First Amendment right to anonymous speech, or because they subject Movants to undue burden. Plaintiff responded to each Motion. *See* Pl. Resps. [Docs. ## 18, 19, 21, 26, and 28]. No Defendant filed a reply. At the initial pretrial conference on May 16, 2012, the Court heard oral argument on the Motions, which are now ripe for decision.

2

## II.     RULE 11 REQUIREMENTS FOR MOTIONS

"Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.  The paper must state the signer's address, e-mail address, and telephone number."  FED. R. CIV. P. 11(a).  The purpose of Rule 11 is to maintain the integrity of the system of federal practice and procedure, deter baseless filings, and streamline the administration and procedure of federal courts.  *See Malibu Media, LLC v. Does 1-13*, No. CV 12–1156, 2012 WL 2325588, at *2 (E.D.N.Y. June 19, 2012) (Boyle, Magistrate J.); *Pink Lotus Entm't, LLC, v. Does 1-53,* No. 11-22103 [Doc # 19] (S.D. Fla. Sept. 6, 2011) (Seitz, J.); *Hard Drive Prods., Inc. v. Does 1-21*, 4:11-cv-0059 [Docs. # 22, 35, 36] (S.D. Ind. July 27, 2011) (Barker, J.); *see also Bus. Guides, Inc. v. Chromatic Commc'n Enters., Inc.*, 498 U.S. 533, 541-43 (1991) (discussing the purposes of Rule 11).

On April 13, 2012, an individual using the name "John Doe # 3" and the email address *johndoes1.351@gmail.com* filed a *pro se* Motion to Sever and/or Quash.  *See* Motion [Doc. # 8].  The Motion did not identify the filer's actual name.  *See id.* at 14-15.  Because the Court must be informed as to the identities of the parties before it and the purported Doe # 3 has not provided the requisite Rule

3

11(a) information, the Court cannot permit this individual to litigate here.[2] Doe # 3's Motion is denied on this basis.

The remaining Movants also fail to identify their names in their Motions. *See* Motions [Docs. ## 9, 13, 17, 20]. Unlike Doe # 3, however, the other Movants either notified the Court of their identities under seal and/or are represented by counsel admitted to the Bar of this Court. These represented parties' attorneys have well-established professional duties of candor to the Court, which duties protect against unauthorized filings or participation in this suit by persons whose information Plaintiff did not attempt to subpoena. The Court will permit Doe Defendants # 36, # 123, # 328, and # 342 to remain anonymous in the public record for purposes of the pending motions. *See infra* Section VI.

---

[2]   According to Plaintiff, the Motion filed purportedly by Doe # 3 is also problematic because Plaintiff never subpoenaed Cable One, the ISP associated with Doe # 3 in Exhibit A to Plaintiff's Complaint. *See* Pl. Filing [Doc. # 25], ¶ 1. In its Motion, purported Doe # 3 appears to identify his ISP as Comcast Cable Communications, LLC ("Comcast"). Comcast, however, is not the ISP associated with Doe # 3 listed in the Complaint. *Compare* Motion [Doc. # 8] (certifying that Doe # 3's Motion was faxed to Comcast) *with* Ex. A. to Complaint [Doc. # 1-1] (identifying Cable One as the ISP associated with Doe # 3). This inconsistency casts doubt on whether the Motion regarding Doe # 3 was in fact filed by Doe # 3. Also, no one identifying himself as Doe # 3 appeared in person or by phone at the May 16, 2012 initial pretrial conference in this case, despite this Court's order that "all persons or counsel of persons with pending motions" in this case must appear at the conference. *See* Order [Doc. # 22]. The Court's inability to confirm whether the Motion filed by Doe # 3 is in fact a communication from the Doe # 3 listed in the Complaint is emblematic of the problems against which Rule 11 protects.

### III.     MOTION TO DISMISS OR SEVER FOR IMPROPER JOINDER

Rule 20 of the Federal Rules of Civil Procedure permits joinder of defendants if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). Because the purpose of Rule 20 is to facilitate trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits, district courts should liberally construe permissive joinder of claims and parties in the interest of judicial economy. *Klein Indep. School Dist. v. Hovem*, No. H-09-137, 2010 WL 1068076, at *4 (S.D. Tex. Mar. 22, 2010) (Harmon, J.) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.")); *see also Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010).

Rule 21 further provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

FED. R. CIV. P. 21.  Because Rule 21 does not provide a specific standard by which courts can determine if parties are properly joined, courts often look to Rule 20 for guidance.  *See Acevedo*, 600 F.3d at 521.

The Movants argue that they should be dismissed or severed because they were improperly joined.  The Court is unpersuaded.  The present record provides *prima facie* evidence that the alleged BitTorrent activity regarding the Defendants is part of the same transaction and occurrence.  *See, e.g., Patrick Collins v. Does 1–21*, No. 11-15232, 2012 WL 1190840, at *5–*10 (E.D. Mich. Apr. 5, 2012) (Randon, Magistrate J.); *First Time Video, LLC v. Does 1-76*, 1:11-cv-03831 [Doc. # 38], at *3 (N.D. Ill. Aug. 16, 2011) (Bucklo, J.); *Voltage Pictures, LLC v. Does 1–5000*, No. 10-0873, 2011 WL 1807438, at *4 (D.D.C. May 12, 2011) (Howell, J.).  *But see K-Beech, Inc. v. Does 1-41*, No. V-11-46, 2012 WL 773683, at *3 (S.D. Tex. Mar. 8, 2012) (Rainey, J.) (collecting cases holding otherwise).  In its Complaint, for example, Plaintiff alleges that "[i]n using the peer-to-peer BitTorrent file distribution method, each Defendant engaged in a concerted action with other Defendants and yet unnamed individuals to reproduce and distribute Plaintiff's Video by exchanging pieces of the Video file in the torrent swarm."  Doc. # 1, ¶ 33.  This allegation is supported by an affidavit attached to Plaintiff's Motion for Expedited Discovery, in which the affiant states that "each of the

participating peers obtained a reference file for Plaintiff's copyrighted film," that "each reference file has a unique identifier," and that "the swarm [that] each of the peers participated in is associated with the . . . unique identifier." *See* Aff. [Doc. # 3-1], ¶¶ 9, 11.

For purposes of the pending motions, Plaintiff has also established that there are various common questions of law and fact that appear to pertain to all Defendants. For instance, the Court will need to determine whether copying has occurred within the meaning of the Copyright Act, whether entering and/or remaining in a torrent swarm constitutes a willful act of infringement or civil conspiracy, and whether and to what extent Plaintiff has been damaged by one or more Defendants' conduct. *See* Compl. ¶ 8.

Plaintiff now merely seeks identifying information in order to investigate the facts concerning, to formally name, and to serve a subset of currently referenced Doe Defendants if in fact the individuals have a provable connection to the swarm identified in this suit.[3] It is significantly more efficient *at this phase* for the Court and Plaintiff to maintain a single case with a large number of Defendants to be further investigated for their putative connection to the swarm at issue, rather than hundreds of separate lawsuits. *See, e.g.*, *Call of the Wild Movie, LLC v. Does 1-*

---

[3] *See infra* page 11.

*1062*, 770 F. Supp. 2d 332, 344 (D.D.C. Mar. 22, 2011) (Howell, J.). If Plaintiff proceeds in this action or elsewhere against specific named Defendants, those Defendants may raise applicable joinder issues at that time. It may well be unwieldy to have one case with hundreds of defendants with differing explanations for their connections to the IP addresses identified by Plaintiff, but the Court does not reach that issue now. *See, e.g.*, *K-Beech, Inc. v. Does 1-41*, 2012 WL 773683, at \*5; *AF Holdings v. Does 1–97,* No. C 11-3067, 2011 WL 5195227, at \*3 (N.D. Cal. Nov. 1, 2011) (Wilken, J.). Doe Defendants' Motions to Dismiss or Sever are therefore denied at this time.

### IV.    MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Doe Defendants # 328 and # 342 argue that they should be severed or dismissed because the Court lacks personal jurisdiction over them.[4] *See* Doc. # 13, ¶ 9; Doc. # 20, ¶ 3. The Court does not decide this issue here. Analysis of personal jurisdiction is premature when Plaintiff has not identified and named the Defendants against whom claims in fact will be asserted. The current record is plainly inadequate on the personal jurisdiction issue. *See, e.g.*, *First Time Video,*

---

[4]    Doe # 342 also filed a list of the geographic locations associated with the 351 IP addresses identified in Exhibit A. *See* Ex. D to Motion [Doc. # 20-4]. According to Doe # 342, these lists were generated using two different online IP look-up tools. *See* Motion [Doc. # 20], ¶ 16. The list contains a not insignificant number of IP addresses associated with users in districts other than the Southern District of Texas.

*LLC v. Does 1-76*, No. 1:11-cv-03831 [Doc. # 38], at *11 (N.D. Ill. Aug. 16, 2011) (Bucklo, J.); *First Time Videos, LLC v. Does 1-500*, No. 10-CV-6254 [Doc. # 151], at *17 (N.D. Ill. Aug. 9, 2011) (Castillo, J.); *Hard Drive Prods. v. Does 1-46*, No. 3-11-cv-01959 [Doc. # 19], at *1 (N.D. Cal. June 16, 2011) (Chen, J.); *Call of the Wild Movie, LLC v. Does 1–1062*, 770 F. Supp. 2d 332, 346–348 (D.D.C. Mar. 22, 2011) (Howell, J.); *IO Group v. Does 1–19*, No. C 10-03851, 2010 WL 5071605, at *3 (N.D. Cal. Dec. 7, 2010) (Illston, J.). Plaintiff is directed, however, that it must have a good faith factual basis for this Court to assert personal jurisdiction over each Defendant Plaintiff pursues in this suit on the merits.

V.      **MOTION TO QUASH AND PRIVILEGE ISSUES**

"On timely motion, the issuing court must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies, . . . [or that] subjects a person to undue burden." FED. R. CIV. P. 45(c)(3)(A). Under other limited circumstances, the "issuing court may, on motion, quash or modify the subpoena . . . ." *Id.* § 45(c)(3)(B).

Movants argue that their Motion to Quash should be granted because the subpoenas invade their privacy and/or impinge on their First Amendment right to anonymous speech. The Court is unpersuaded. Plaintiff contends, with some supporting affidavit evidence, that the BitTorrent swarm tied to the Video infringes

9

its copyright in a protected work identified by the Video's digital reference file. Plaintiff is entitled to seek to assert its legal claims against persons shown to have willingly become a part of the BitTorrent swarm associated with that digital reference file.  This is not the stage for legal rulings on the viability of the contention that swarm participants have engaged in violations of the copyright laws.  To the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by others, the First Amendment is no protection.  *See, e.g.*, *Arista Records LLC v. Does 1–16*, 604 F. 3d 110, 118–119 (2d Cir. 2010) (citing *Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 563–565 (S.D.N.Y. 2004) (Chin, J.) (identifying expectation of privacy as one of five factors to consider in evaluating a party's First Amendment interest in protecting their identity from disclosure)); *Nu Image, Inc. v. Does 1–3932*, 2:11-CV-545-FTM-29, 2012 WL 646070, at *6 (M.D. Fla. Feb. 28, 2012) (Chappell, J. Magistrate); *MCGIP, LLC v. Does 1-316*, No. 10 C 6677, at *1–*2 (N.D. Ill. June 9, 2011) (Kendall, J.).  The Court rejects the Movants' First Amendment and privacy arguments attempting to quash the subpoenas in issue here.

The Movants also argue that the subpoenas subject them to undue burden because the information sought is irrelevant or inaccurate.  The Court again is unpersuaded.  It is true that IP addresses cannot pinpoint a person responsible for a

particular file download and IP address-tracing technologies are not always reliable. *See, e.g., SBO Pictures, Inc. v. Does 1–3036*, No. 11-4220, 2011 WL 6002620, at *3 (N.D. Cal. Nov. 30, 2011) (Conti, J.). Nevertheless, it is reasonable to use an IP address as a starting point to obtain identifying information about a Doe Defendant who, through digital forensic means, has been tied to the torrent swarm in issue. The identifying information allows Plaintiff to make a good faith investigation into whether a particular individual has a reliable factual connection to the IP address associated with the swarm. If Plaintiff learns that the IP address is not a reliable identifier for a person, who Plaintiff in good faith can show committed an alleged legal wrong, Plaintiff has an obligation under Federal Rule of Civil Procedure 11 to cease pursuit of the claim against that individual. Plaintiff's counsel at a pretrial conference and at oral argument expressly committed that for each IP address, Plaintiff will assess whether pursuit of claims against each Defendant in fact is warranted once the individual associated with the IP address has been identified.

The Movants also attempt to argue the merits of the case by asserting that the subpoenas unduly burden them because they did not in fact infringe Plaintiff's work. This argument lacks merit. Being named a defendant in this type of case does not in and of itself constitute an undue burden to warrant quashing a

11

subpoena.  *See, e.g.*, *Hard Drive Prods. v. Does 1–46*, No. 3-11-cv-01959 [Doc. # 19], at *2 (N.D. Cal. June 16, 2011) (Chen, J.).  "[T]he merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable."  *See, e.g.*, *Achte/Neunte Boll Kino Beteiligungs GMBH & Co. Kg. v. Does 1–4577*, No. 10-453, 736 F. Supp. 2d 212, 215 (D.D.C. 2010) (Collyer, J.).  Accordingly, the Doe Defendants' Motions to Quash are denied.

## VI.     MOTION FOR PROTECTIVE ORDER

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  FED. R. CIV. P. 26(c)(1).  Here, Does # 123 and # 328 seek a protective order prohibiting the public disclosure of any information relating to him or her that is obtained via the subpoena, *see* Motion [Doc. # 13], at 1, 12; allowing "information regarding the Defendant's identity to remain sealed and confidential," *see* Motion [Doc. # 17], at 4; or preventing Plaintiff from using the subpoenaed information "to harass, embarrass or expose the [Defendant] to undue burden," *see id.* at 6.

Movants are not the respondents on Plaintiff's subpoenas.  The Court recognizes, however, that being accused in a publicly filed lawsuit as a participant in the copyright infringement of an adult video poses the risk of embarrassment.  Because this is an early stage in the proceedings, and because Plaintiff has little

12

information about the Doe Defendants' connection to the IP addresses at which the allegedly infringing activity occurred, the Court concludes that there is good cause to protect from public disclosure at this time any identifying information produced under the subpoenas. *See IO Group v. Does 1–19*, No. C 10-03851, 2010 WL 5071605, at *2 (N.D. Cal. Dec. 7, 2010) (Illston, J.). The Court therefore will grant a limited protective order prohibiting Plaintiff from filing in the public record (or otherwise disclosing outside this suit) any subpoenaed information about a Doe Defendant's identity until the affected Defendant has a reasonable opportunity to move to proceed anonymously and the Court has ruled on the motion. A reasonable opportunity is deemed to be thirty days after either his or her personal information is disclosed by an ISP to Plaintiff or after the date of this Order, whichever is later. In the absence of a timely motion or Plaintiff's agreement to maintain a Doe Defendant's confidentiality, this limited protective order will expire. To the extent that any Doe Defendant seeks to prevent an ISP from disclosing identifying information to Plaintiff, however, the motion is **denied**.

### VII. <u>CONCLUSION</u>

For the foregoing reasons, it is hereby

**ORDERED** that Doe # 3's Motion to Sever and/or Quash [Doc. # 8] is **DENIED**. It is further

13

**ORDERED** that Doe # 36's Motion to Quash, Dismiss, or Sever [Doc. # 9] is **DENIED**. It is further

**ORDERED** that Doe # 328's Motion to Sever, Quash, or Modify Subpoena [Doc. # 13] is **DENIED in part** and **GRANTED in part**. It is further

**ORDERED** that Doe # 123's Motion to Dismiss, Sever, Quash, and for Protective Order [Doc. # 17] is **DENIED in part** and **GRANTED in part**. It is further

**ORDERED** that Doe # 342's Motion to Quash, Dismiss, or Sever [Doc. # 20] is **DENIED**.

**SIGNED** at Houston, Texas, this 3rd day of **July, 2012.**

_____
Nancy F. Atlas
United States District Judge